# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ALEXANDRA VAZQUEZ,<br><br>　　　　　　　Defendant. | Case No. 17-cr-1802-BAS-1<br>Case No. 18-cv-1932-BAS<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>**[ECF No. 36]** |

On January 29, 2018, following a guilty plea, Alexandra Vazquez was sentenced to seventy-six months in custody. As part of her plea agreement, she waived her right to appeal or collaterally attack her sentence. She now moves to reduce her sentence. Because Ms. Vazquez waived her right to challenge her sentence and because the record fails to support her claims, the Court **DENIES** her Motion.

## STATEMENT OF FACTS

### I. Guilty Plea

On July 5, 2017, Ms. Vazquez was indicted for importing more than 500 grams of methamphetamine. (ECF No. 8.)[1] In 2012, Ms. Vazquez was charged as part of

---

[1] All ECF references are to the criminal case, 17-cr-1802, unless otherwise noted.

– 1 –

a gang-related kidnapping and murder. (Presentence Report ("PSR") ¶ 49, ECF No. 26.) She pled guilty to accessory after the fact and admitted the gang enhancement. (*Id.*) Thus, she was ineligible for safety valve in her drug importation case and faced a mandatory minimum of ten years in custody.

On October 24, 2017, Ms. Vazquez reached a plea agreement with the Government. As part of the plea agreement, the Government agreed to allow Ms. Vazquez to plead guilty to a superseding information charging her with importing more than five grams of methamphetamine, thus limiting her mandatory minimum sentence to five years. The parties jointly agreed to recommend a base offense level of 29 under the U.S. Sentencing Guidelines. (*See* Plea Agreement § XA, ECF No. 24.) Other than requesting a role reduction under U.S.S.G. § 3B1.2, defense counsel agreed not to request any additional downward adjustments, departures or variances. (*Id.* § XC.) Finally, as part of the plea agreement, Ms. Vazquez waived her right to appeal or collaterally attack her sentence with limited exceptions:

> Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence and the only exceptions are: (1) Defendant may appeal a custodial sentence above the high end of the advisory guideline range as calculated by the Government at the time of sentencing; and (2) defendant may collaterally attack the conviction or sentence on the basis that defendant received ineffective assistance of counsel.

(*Id.* § XI.)

At the time Ms. Vazquez pled guilty, she stated under oath that she had not taken any drugs, alcohol or medication in the last 48 hours that affected her ability to understand what she was doing. (Plea Transcript 3:15–20, ECF No. 41.) The Magistrate Judge also confirmed that Ms. Vazquez had given up her right to appeal as part of the plea agreement. (*Id.* 11:8–14.)

**II. Sentencing**

The Probation Officer prepared a Presentence Report after speaking with both Ms. Vazquez and her sister. (PSR Part C.) Ms. Vazquez disclosed that she suffered

from post-partum depression for 1–2 years after the birth of her son (who was 12-years old at the time of sentencing) and that, during this time, she was prescribed Effexor—an antidepressant. (*Id.* ¶ 83.) Ms. Vazquez's sister confirmed that Ms. Vazquez had struggled with depression for many years and had treated her depression-related symptoms with prescription medication. (*Id.* ¶ 84.) When the Probation Officer asked her about her current mental state, Ms. Vazquez "conveyed that she is ready to face the consequences of her actions." (*Id.* ¶ 85.)

The Probation Department recommended a two-point enhancement under U.S.S.G. § 3B1.4, finding that Ms. Vazquez had used her three minor children, then-aged 17, 13 and 12, to commit the offense and/or to avoid detection of, or apprehension for, the offense. (PSR ¶¶ 32–34.) Specifically, the Probation Officer pointed out that Ms. Vazquez had her 17-year-old daughter follow her down toward the border in a separate car from Riverside. (PSR ¶ 11.) Further, upon returning from across the border, Ms. Vazquez planned for her daughter to again follow her to the drop-off point so that Ms. Vazquez could leave the drug-laden car with the smugglers and return to Riverside. (*Id.*) Additionally, the case agent opined that Ms. Vazquez had brought her other two children along as "window dressing," and they appeared to have been coached to not reveal anything about their time in Mexico. (*Id.* ¶ 14.)

The Probation Officer calculated Ms. Vazquez's base offense level to be 33 and her guideline range to be 168–210 months, but recommended a downward variance to 76 months in custody. (PSR ¶¶ 134–36.)

The Government filed a Sentencing Summary Chart recommending that the Court find the base offense level to be 24 (5 levels less than the plea agreement because the Government ultimately recommended a minor role adjustment) with a resulting guideline range of 63–78 months. (ECF No. 31.) The Government ultimately recommended 76 months in custody. (*Id.*)

Defense counsel filed a Sentencing Summary Chart agreeing with these calculations but recommending a sentence of 63 months. (ECF No. 32.) Defense counsel also filed a Sentencing Memorandum arguing that Ms. Vazquez had a drug addiction problem that had led her to commit the offense and that she was responsible for supporting herself and her three children. (ECF No. 33.)

At the Sentencing Hearing, defense counsel argued that, despite Ms. Vazquez's criminal background, this case was the equivalent of a first-time importation case. (Sentencing Transcript 4:8–25, ECF No. 42.) He also repeated to the Court that "[s]he's a single mother supporting her kids who is struggling to get by," and her decision to smuggle drugs "was impacted by her addiction." (*Id.* 6:18–19, 21.) Ms. Vazquez read a lengthy letter to the Court at sentencing. (*Id.* 9:8–11:6.)

Ultimately, except regarding an enhancement under U.S.S.G. § 3B1.4, the Court adopted the parties' joint calculation of the sentencing guidelines. Neither party recommended that the enhancement for Ms. Vazquez using her children be applied, but the Court agreed with Probation that it was applicable. This was significant since Ms. Vazquez had a previous conviction for child endangerment when she kept a place for selling or using methamphetamine. Thus, the Court found Ms. Vazquez's guideline range was 78–97 months. (Sentencing Transcript 14:10–12.) Nonetheless, relying on the arguments of counsel and the equities in the Presentence Report, the Court agreed to a slight downward departure and sentenced Ms. Vazquez to 76 months in custody. (*Id.* 15:4–6.) Both Ms. Vazquez and her counsel confirmed that, in light of the Court's sentence, Ms. Vazquez had waived her right to appeal the sentence. (*Id.* 16:13–17.)

**C.     Section 2255 Motion**

Ms. Vazquez now moves for a reduction in her sentence pursuant to 28 U.S.C. § 2255, arguing: (1) the sentence was excessive since she was a first time offender; (2) she is a single mother of three children; (3) she suffers from severe depression and is a drug abuser; (4) her attorney failed to request a "psyche eval" before she

signed her plea agreement and that the information in her plea agreement was hard to understand ("I don't know if it was because I was under medication or if I was in the right state of mind."); and (5) her attorney failed to mention any of the above grounds at her sentencing. (ECF No. 36.) The Government opposed Ms. Vazquez's motion. (ECF No. 39.) The Court set a January 18, 2019, deadline for Ms. Vazquez to file a reply, but she has not done so.[2]

## ANALYSIS

### I. Reduction of Sentence

As an initial matter, Ms. Vazquez knowingly and voluntarily gave up her right to appeal or collaterally attack her sentence as part of the plea agreement. (Plea Agreement § XI; Plea Transcript 11:10–14; Sentencing Transcript 16:13–17.) Such a waiver is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 319 (9th Cir. 1996) (holding a waiver of appeal is enforceable as part of a negotiated plea agreement if it is made voluntarily and knowingly); *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir. 1993) (same with respect to collateral attack). On that ground alone, her motion to reduce her sentence fails.

However, a quick look at the grounds Ms. Vazquez now raises shows that her motion is also meritless. First, she was not a first-time offender. She had both a prior conviction for possession of methamphetamine and a prior conviction for being part of a gang-related murder. Second, the grounds she now raises were raised at sentencing either in the Presentence Report, by her attorney in his Sentencing Memorandum, or both. The Court was informed that Ms. Vazquez was a single mother of three children, that she had suffered from depression and that she was a drug abuser. Defense counsel argued that, despite her criminal record, she was the

---

[2] The Court initially set the reply deadline as December 3, 2018. (ECF No. 38.) However, the briefing schedule sent to Ms. Vazquez was returned as undeliverable. (ECF No. 40.) Accordingly, the Court reset the reply deadline and directed new mail service to Ms. Vazquez. (ECF No. 43.) The Court has not received notice that this revised briefing schedule failed to reach Ms. Vazquez.

equivalent of a first-time offender. Thus, all of the factors now raised in this Motion were raised and considered by the Court at sentencing. To the extent that Ms. Vazquez argues that her attorney failed to mention any of these concerns at sentencing, the record says otherwise.

Third, to the extent Ms. Vazquez suggests that she may have been under medication or not in her right state of mind at the time she pled guilty, her statements are again belied by the record. (Plea Transcript 3:15–18 (Q: [H]ave you taken any drugs, alcohol, or medication in the last 48 hours that would affect your ability to understand anything that we're doing today?" A: "No.").) Tellingly, Ms. Vazquez does not actually say she was under medication or that she did not understand the plea agreement. She does not because neither of these suggestions is true.

## II. Ineffective Assistance of Counsel

To the extent Ms. Vazquez is arguing that her attorney's representation was ineffective because her attorney failed to request a psychological evaluation before she signed her plea agreement, this argument must also fail. Even in a claim of ineffective assistance of counsel in a guilty plea, the defendant must meet the *Strickland* test; that is, she must show first, "that counsel's assistance was not within the range of competence demanded of counsel in criminal cases," and second, that she suffered actual prejudice as a result of this incompetence. *Lambert v. Blodgett*, 393 F.3d 943, 979–80 (9th Cir. 2004); *see also Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985).

"A deficient performance is one in which counsel made errors so serious that []he was not functioning as the counsel guaranteed by the Sixth Amendment." *Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir. 1986) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1987). The court should not view counsel's actions through "the distorting

– 6 –

17cr1802

lens of hindsight." *Hendricks v. Calderon,* 70 F.3d 1032, 1036 (9th Cir. 1995) (quoting *Deutscher v. Whitley*, 884 F.2d 1152, 1159 (9th Cir. 1989), *vacated on other grounds in Angelone v. Deutscher*, 500 U.S. 901 (1991)).

In order to satisfy the second "prejudice" prong in a guilty plea case, "defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pled guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. If the claim is a failure to investigate, prejudice turns on "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea," which in turns leads to an inquiry of "whether the evidence likely would have changed the outcome of the trial." *Id.*

Ms. Vazquez fails to establish either prong of the ineffective assistance of counsel test in this case. First, she fails to allege why her attorney should have requested a psychological evaluation before allowing her to plead guilty. She fails to allege anything that would have suggested to her attorney that such an evaluation would have been prudent or helpful. There is no evidence whatsoever that this alleged failure was an error of any kind, let alone one that resulted in a deficient performance. Second, Ms. Vazquez fails to make any showing that, if her attorney had obtained an evaluation, she would not have pled guilty, would have insisted on going to trial or would have received a reduced sentence.

In fact, Ms. Vazquez received a greatly reduced sentence as part of her plea agreement. She was facing at least a ten-year mandatory minimum sentence, but her attorney managed to negotiate a deal in which that sentence was reduced by at least three years. The Court agreed to vary from the guideline range of 78–97 months. One of the reasons for a reduced sentence was the depression Ms. Vazquez had suffered that had been documented in the Presentence Report. Ms. Vazquez fails to show how a psychological evaluation would have likely changed the outcome in this case. Hence, she does not demonstrate she is entitled to relief based on ineffective assistance of counsel.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Ms. Vazquez's Motion. (ECF No. 36.) Second thoughts are not grounds for a motion to vacate or modify a sentence. Additionally, a certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Ms. Vazquez has made no such showing. Because reasonable jurists would not find the Court's assessment of the claims debatable or wrong, the Court **DECLINES** to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Clerk is directed to close Case No. 18-cv-1932.

**IT IS SO ORDERED.**

**DATED: March 13, 2019**

Hon. Cynthia Bashant
United States District Judge